UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------------X

BARRY SCHWARTZ,

           Plaintiff,

-against-

JP MORGAN CHASE BANK, N.A.,

           Defendants.

-----------------------------------------------------------------X

Civil Action No.:

**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

Plaintiff, BARRY SCHWARTZ ("Plaintiffs"), by and through his attorneys, M. Harvey Rephen & Associates, P.C by Edward B. Geller, Esq., P.C., Of Counsel, as and for its Complaint against the Defendant, JP MORGAN CHASE BANK, N.A. (hereinafter referred to as "Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) under Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA).

## PARTIES

2. Plaintiff BARRY SCHWARTZ is a resident of the State of New Jersey, residing at 56 Pressburg Lane, Lakewood, New Jersey 08701.

3. Defendant J.P. MORGAN CHASE BANK, N.A. is an Ohio corporation with an address located at 340 South Cleveland Avenue, Westerville, Ohio 43081-8917.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 47 USC §227 et seq. and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

6. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "5" herein with the same force and effect as if the same were set forth at length herein.

7. On or about July 15, 2015, Defendant began communicating with Plaintiff by means of automated telephone calls to Plaintiff's mobile telephone number 786 877 7444. Defendant's calls originated from numbers 847 426 9203, 602 253 6722 and 210 520 6400.

8. Defendant's calls were automatically dialed and left a pre-recorded message stating: "This is an important message from Chase card services. Please return this call today at 1 866 301 9838."

9. The Plaintiff never gave the Defendant his prior, express permission to call his mobile phone via the use of an automated telephone dialing system or prerecorded voice messages.

10. Plaintiff had no wish to be contacted on his mobile telephone via the use of an autodialer, and expressly directed Defendant to stop calling his cell phone number.

11. By placing auto-dialed calls and pre-recorded messages to the Plaintiff's mobile telephone, the Defendant violated 47 USC Section 227(b)(A)(iii) which ptrohibits using any automated dialing system or an artificial prerecorded voice to any telephone number assigned to a cellular telephone service when calling to the Plaintiff's mobile phone.

12. The Defendant therefore wilfully violated the TCPA numerous times by placing calls to the Plaintiff's mobile phone without his prior, express consent.

13.. On August 15, 2015, Plaintiff placed a telephone call to Defendant and was connected to a representative who identified herself as "Andrea."

14. After identifying three closed accounts with Defendant, none of which were in default or late for payment, Plaintiff informed "Andrea" that he was receiving numerous autodialed telephone calls to his telephone number and stated: "I want no communications from an automatic dialer on any of my accounts."

15. "Andrea" asked if Plaintiff had said he "did" or "did not" want further calls and Plaintiff clarified that he did not want further calls which "Andrea" acknowledged.

16. Despite Plaintiff's request, auto-dialed telephone calls from Defendant resumed, amounting to two hundred and twenty six (226) calls.

## FIRST CAUSE OF ACTION
*(Violations of the TCPA)*

17. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "16" herein with the same force and effect as if the same were set forth at length herein.

18. According to the Telephone Consumer Protection Act 47 USC §227(b)(A)(iii), any person within the United States or any person outside the United States, if the recipient is within the United States, is prohibited from using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or any service for which the called party is charged for the call.

19. With the autodialer calls to Plaintiff's telephone commencing on July 15, 2015 and continuing at a rate of up to two hundred and fifty (250) times thereafter, the Defendant violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

20. The Defendant, having been informed that Plaintiff requested that no further calls be received, willfully violated the TCPA at least two hundred and twenty six (226) times.

21. Pursuant to the TCPA Omnibus Declaratory Ruling and Order, July 2015, paragraphs 138 and 139, communications from banking institutions which are exempt "...are all intended to address exigent circumstances in which a quick, timely communication with a consumer could prevent considerable consumer harms from occurring or, in the case of the remediation calls, could help quickly mitigate the extent of harm that will occur." Pursuant to Paragraph 139, (3) and (7) "In light of these considerations, we adopt the following conditions for each exempted call (voice call or text message) made by a financial institution:

3) voice calls and text messages are strictly limited to purposes discussed in paras. 129-137 above and must not include any telemarketing, cross-marketing, solicitation, debt collection, or advertising content;

7) a financial institution must honor opt-out requests immediately."

22. Defendant is in violation of the TCPA paragraphs 139 (3) having used their calls for debt collection and (7), failing to honor Plaintiffs' desire to opt out of both text and telephone communications despite Plaintiff's clear, unequivocal and repeated requests that such automatic calls cease.

23. Defendant violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

## DEMAND FOR TRIAL BY JURY

24. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

      A.    For mandatory statutory damages of $500 each provided and pursuant to 47 USC §227(c)(2)(G)(3)(B), for all calls placed to the Plaintiff's cellular phone;

      B.    For trebled damages of $1,500 to be awarded to the Plaintiff per call in accordance with the TCPA, for each of the Defendant's willful or knowing violations of the TCPA;

      C.    For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:    April 19, 2016

                              Respectfully submitted,

                              */s/ Edward B. Geller*

                              EDWARD B. GELLER, ESQ.(EG9763)
                              EDWARD B. GELLER, ESQ., P.C., OF COUNSEL TO
                              M. HARVEY REPHEN & ASSOCIATES, P.C.
                              15 LANDING WAY
                              BRONX, NEW YORK   10464
                              TEL:(914)473-6783

                              *Attorney for the Plaintiff* BARRY SCHWARTZ

To:    JP Morgan Chase Bank N.A.
        Court Orders and Levies Dept.
        340 S. Cleveland Avenue
        Westerville, Ohio 43081-8917

        *(Via Prescribed Service)*

Clerk of the Court,
United States District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, New Jersey 08608

(*Via Electronic Court Filing*)